

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| SHARON WIGGINS, O/B/O D.R., a minor, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:05-2707-HFF-JRM |
| | § | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND AFFIRMING THE DECISION OF DEFENDANT**

This is an action filed seeking review of a decision of the Commissioner of Social Security (Defendant) denying Plaintiff's claim for Supplemental Security Income (SSI). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Court affirm the decision of Defendant. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or may recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 7, 2007. Plaintiff filed objections to the Report on February 16, 2007, and Defendant filed a reply on March 1, 2007. The Court has made a de novo review of those portions of the Report to which Plaintiff objects, but finds the objections to be without merit.

Plaintiff argues that the Administrative Law Judge (ALJ) failed to properly explain his listing determination. However, a de novo review of the ALJ's decision reveals that he did, in fact, explain his determinations in the "Evaluation of the Evidence" portion of the decision. Simply stated, and as observed by the Magistrate Judge,

> Plaintiff fails to show that the Commissioner's decision was not based on substantial evidence. This Court may not reverse a decision simply because a plaintiff has produced some evidence which might contradict the Commissioner's decision or because, if the decision was considered *de novo*, a different result might be reached.
>
> This Court is charged with reviewing the case only to determine whether the findings of the Commissioner were based on substantial evidence. Even where a plaintiff can produce conflicting evidence which might have resulted in a contrary decision, the Commissioner's findings must be affirmed if substantial evidence supported the decision. The Commissioner is charged with resolving conflicts in the evidence, and this Court cannot reverse that decision merely because the evidence would permit a different conclusion.

(Report 13.) (citations omitted).

Plaintiff also argues that the ALJ's credibility determination with respect to Plaintiff's allegations of a serious bowel problem are irrelevant to Plaintiff's credibility with respect to a severe learning disorder or other mental and functional limitations. A de novo review of the ALJ's decision shows that the ALJ's credibility determination based on allegations of a serious bowel problem affected only his determination with respect to the sixth domain, health and physical well-being.

The ALJ's decision states, "Nevertheless, I have given the claimant's mother the benefit of

the doubt in regards to the severity of his functional limitations, notwithstanding, these limitations would not establish a finding of a 'disability.'" (Tr. 19.)  The ALJ found, in addition to Plaintiff's credibility with respect to allegations of a serious bowel problem, that "[t]he claimant's mother's assertions relative to symptomology, pain, functional limitations and restrictions on activities of daily living . . . are overstated, are found to lack corroboration or substantiation in the medical evidence, and are inconsistent or contradictory as evidenced by the medical record." (Tr. 19.)

After a thorough review of the Report, the objections, and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein.  Therefore, it is the judgment of this Court that the decision of Defendant be, and the same is hereby, **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 29th day of March, 2007, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE
